# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA | : Hon. Michael A. Hammer, U.S.M.J. |
| v. | : Mag. No. 19-40016 |
| YULIA RADOCHINSKAYA | : **CRIMINAL COMPLAINT** |

I, Joseph Shapiro, being duly sworn, state the following is true and correct to the best of my knowledge and belief:

### SEE ATTACHMENT A

I further state that I am a Special Agent with the United States Drug Enforcement Administration, and that this complaint is based on the following facts:

### SEE ATTACHMENT B

Continued on the attached page and made a part hereof:

_____
Special Agent Joseph Shapiro
U.S. Department of Homeland Security

Sworn to before me and subscribed in my presence,
December 27, 2019 in Newark, New Jersey

HONORABLE MICHAEL A. HAMMER  _____
UNITED STATES MAGISTRATE JUDGE  Signature of Judicial Officer

## **ATTACHMENT A**

## **COUNT ONE**

On or about December 26, 2019, in the District of New Jersey and elsewhere, the defendant,

YULIA RADOCHINSKAYA,

did willfully and knowingly make a materially false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of the executive branch of the Government of the United States, namely, the defendant made false statements and presented false and fraudulent documentation to agents of United States Customs and Border Patrol.

In violation of Title 18, United States Code, Section 1001(a)(2).

## ATTACHMENT B

I, Joseph Shapiro, am a Special Agent with the U.S. Department of Homeland Security. I am fully familiar with the facts set forth herein based on my own investigation, my conversations with other law enforcement officers, and my review of reports, documents, and items of evidence. Where statements of others are related herein, they are related in substance and part. Because this Complaint is being submitted for the sole purpose of establishing probable cause to support the issuance of a complaint, I have not set forth each and every fact that I know concerning this investigation. Where I assert that an event took place on a particular date, I am asserting that it took place on or about the date alleged.

1. Law enforcement has been investigating illegal exports of stolen cellular phones ("cell phones") for resale outside of the United States, with the proceeds from sales of the stolen cell phones used to finance international criminal enterprises.

2. On or about December 26, 2019, flying from Moscow, defendant Yulia Radochinskaya ("Radochinskaya") entered the United States at the John F. Kennedy Airport ("JFK"). During her arrival interview with U.S. Customs and Border Patrol ("CPB"), Radochinskaya stated that she was an airline employee coming to the United States to purchase a cell phone and a laptop with an intended departure date of on or about December 29, 2019. A review of flight manifests, however, revealed that Radochinskaya intended to leave the United States that same day, on or about December 26, 2019, on a flight departing out of Newark International Airport ("EWR").

3. Upon Radochinskaya's arrival at EWR, on or about the evening of December 26, 2019, CBP conducted an outbound inspection of Radochinskaya, who was found to be in possession of approximately ninety-two (92) iPhones and related export documentation. The approximately 92 cell phones were worth well over $92,000.

4. Radochinskaya agreed to speak with CBP and stated that with respect to the iPhones, that after departing JFK, she took a bus to the Port Authority bus terminal in New York, where she met an individual known only to her as "Dima." According to Radochinskaya, Dima transferred the phones to Radochinskaya's carry-on luggage. Radochinskaya stated that following the transfer, she traveled to EWR for a fight to Moscow via Germany. Radochinskaya stated that the phones were intended for her mother, who resells cell phones in Moscow.

5. With respect to export approval documentation for the cell phones, Radochinskaya presented an Electronic Export Information ("EEI") form to CBP bearing ITN number X201912151160996 and XTN number 810793294-20191226. Relevant law enforcement databases were consulted utilizing those

numbers, which returned negative results for authenticity of the EEI form, i.e., the form was fraudulent.

6. The same EEI form also indicated that Radochinskaya was a consignee of the cell phones. Radochinskaya, however, represented to CPB officials that she had no ownership interest in the phones, and was merely transporting them on behalf of a third-party.

7. On or about December 27, 2019, Radochinskaya planned to leave the United States and fly back to Russia. The flight was booked for early afternoon, but law enforcement intercepted Radochinskaya at the airport before she could board the flight.